## MARQUAND v. FEDERAL STEEL CO.

### SCHAEFFER v. SAME.

(Circuit Court, S. D. New York. July 19, 1899.)

**1. CORPORATIONS—TIME FOR DECLARING DIVIDENDS—NEW JERSEY STATUTE.**

A corporation organized under the corporation act of New Jersey, section 47 of which provides for the distribution of all accumulated profits of the corporation, less the amount reserved for working capital, in dividends in January of each year, "unless some specific day or days for that purpose be fixed in its charter or by-laws," and whose charter provides that dividends on its common stock shall be declared after the close of any fiscal year, has no power to declare such dividends previous to the close of a fiscal year.

**2. SAME—DIVIDENDS ON PREFERRED STOCK—POWER OF DIRECTORS.**

Such statutory provision applies as well to dividends on preferred stock as to those on common stock; and, while the statute (Revision 1896, § 18) permits the payment of dividends on preferred stock quarterly or semiannually, such provision does not affect the requirement that the specific day or days for declaring such dividends must be fixed by the charter or by-laws, and, where they are not so fixed, the directors have no power to declare quarterly dividends on preferred stock on days selected in their discretion, nor can the charter vest them with such discretionary power.

These were suits in equity for injunctions.

Lamb & Voss (Joseph F. Daly, of counsel), for complainants.

Stetson, Jennings & Russell (Charles MacVeagh, of counsel), for defendant.

THOMAS, District Judge. The questions for decision are these: (1) May the defendant corporation declare and pay quarterly dividends upon its preferred stock upon days selected by the directors, or must "some specific day or days for that purpose" be fixed in its charter or by-laws? (2) May dividends be declared upon the common stock previous to the close of the fiscal year? The charter itself provides that the dividend upon the common stock shall be declared "after the close of any fiscal year," and thereby accords with the general time fixed by the statute soon to be noticed. The provision is plain, and no attempted construction can diminish its simple and direct authority. The solution of the question relating to the preferred stock is not difficult. The inquiry does not relate to the capacity of the directors to determine whether sufficient profits applicable to dividends have been received. That is uncontroverted. The directors have undertaken to select the months and days when the dividends for the year 1899 shall be paid. If the directors have the ability to do this, they have capacity pursuant to their will to vary the time of payment in different years. But it is considered that the statute (section 47, Corporation Act N. J.) requires that fixed times for making such payments shall be embodied in the charter or by-laws, and that in default of such designation of certain days in either the charter or by-laws the declaration and payment of dividends shall be made, as provided by the statute, during the month following the close of the fiscal year. Section 47 provides:

"The directors of every corporation created under this act shall in January in each year, unless some specific day or days for that purpose be fixed in its charter or by laws, and in that case, then on the days so fixed, after reserving over and above its capital stock paid in, as a working capital for said corporation, such sum, if any, as shall have been fixed by the stockholders, declare a dividend among its stockholders of the whole of its accumulated profits exceeding the amount so reserved, and pay the same to such stockholders on demand: provided that the corporation may in its certificate of incorporation or in its by laws give the directors power to fix the amount to be reserved as a working capital."

One obvious intendment of the statute is to publish to stockholders or proposed stockholders the fact that the profits shall be divided at appointed time or times, and that such time shall be uniformly in the months of January, unless the charter or by-laws designate "some specific day or days for that purpose." Full power of selection is conferred upon the corporation, but such power is not confided to the varying discretion of the directors. The corporation is limited only in its method of establishing and publishing such days. "Embody the days in the charter or by-laws,"—that is the single qualification of power. But the learned counsel for the defendant urges (1) that section 47 is not applicable to preferred stock; (2) that the section does not negative the power of the directors to declare and

pay dividends upon any days selected by them; (3) that section 18 (Revision 1896) permits quarterly payment of dividends upon preferred stock; (4) that the charter gives the directors power at will to declare dividends on the preferred stock. Section 47 commands that the "whole" surplus profits, less the amount reserved, shall be distributed to stockholders. Certainly it was not intended to limit the payment to the common stockholders. The second contention is equally untenable. The claim there is that the object of the section is to compel a distribution in January, if some profits then remain undivided. That may be one purpose of the section. But does the section intend that the directors may divide the profits on any days they prefer previous to January? What, then, is the use of the words "unless some specific day or days," etc.? Clearly, the section does not intend that the distribution may be made on any days selected by the board of directors, and, if not so made, that the surplus profits shall be distributed during the month of January, or "on some specific day or days" fixed in the charter or by-laws. Such a construction renders the section shapeless and meaningless. Nor does section 18 impair the restraint imposed by section 47. Section 18 permits payment of dividends upon preferred stock quarterly, semiannually, or annually. There is no contrary contention. But who shall fix the dividend days,—the directors or the charter or by-laws? Section 47 states that the designation of days must be made in the charter or by-laws. The two sections are entirely harmonious and helpful. The last contention is that the charter provides that "the preferred stock shall be entitled, out of any and all surplus net profits, whenever declared by the board of directors, to noncumulative dividends at the rate of, but not exceeding, six per cent. per annum," etc., and that this provision empowers the directors to select the dividend days. It is palpable that the provision intends to declare the rights of preferred stockholders, and not to endow the directors with power to declare dividends at their pleasure. But assume otherwise; who placed the provision in the charter? The incorporators. May incorporators, by inserting such a provision, nullify the commands of section 47? The matter does not admit of discussion. It is finally objected that the directors cannot be restrained, since by their act, found to be illegal, the title of the dividend fund has vested in the stockholders according to their respective holdings. But shareholders acquire interests in dividends when lawfully declared. This court will not withhold its hand to prevent unlawful action on the part of directors until it can ascertain and bring within the influence of its decree the proposed beneficiaries of the wrongful act. It will be sufficient to enjoin a shareholder when he shall venture to participate in the unauthorized act of the directors, by seeking to obtain some portion of the fund attempted to be divided. It results from the foregoing view that the injunction must be continued.