HORWITZ et al. v. GROSS. (Circuit Court, E. D. Pennsylvania. December 7, 1899.) No. 45. In Equity. Motion to adjudge plea insufficient. Geo. T. Bispham and Gross Horwitz, for complainants. Richard C. Dale and Frank P. Prichard, for respondent.

McPHERSON, District Judge. I think this motion must prevail. Neither the interest of Mrs. Maria Horwitz, nor of her children, nor of Mrs. Osler,— whether such interest be vested or contingent,—will be affected by the decree that is now sought for, and I am unable, therefore, to regard them as necessary parties. It might, perhaps, be proper to join them all, or some of them, at least; but, as such joinder would deprive the court of jurisdiction, it should not be made. The complainants will be allowed to go on with the suit against the present defendant alone. If he should be removed from the trust that he now holds for the complainants, and if this court should undertake to appoint his successor, it may then be necessary to give notice to some, or all, of the parties having vested or contingent interests in remainder, in order that they may be heard concerning the appointment. But this is a separate matter, and need not now be considered. The plea is adjudged insufficient, and the defendant is directed to answer the bill within 20 days.

MARQUAND v. FEDERAL STEEL CO. (Circuit Court, S. D. New York. September 11, 1899.) Lamb & Voss (Joseph F. Daly, of counsel), for complainant. Stetson, Jennings & Russell (Charles MacVeagh, of counsel), for defendant.

THOMAS, District Judge. In the above action it has been determined that the statute requires that dividends must be paid during the month of January succeeding the end of the fiscal year, "unless some specific day or days for that purpose be fixed in its charter or by-laws, and, in that case, then on the days so fixed," etc. (C. C.) 95 Fed. 725. The charter provides that the dividend upon the common stock shall be declared "after the close of any fiscal year." This provision controls the power of the directors to amend the by-laws fixing specific days for the declaration of dividends in the common stock. But nothing stands in the way of the exercise of such power as regards the preferred stock. It appears that the by-laws of the Federal Steel Company have been amended, legally, so as to provide specific days for the declaration of dividends upon the preferred stock. This is a full compliance with the opinion of the court, and should result in a modification of the injunction, so as to permit the payment of dividends on the preferred stock.